BERNARDO FERNÁNDEZ GONZÁLEZ, Plaintiff and Appellee, v. JOSÉ RODRÍGUEZ PÉREZ, Defendant and Appellant.

No. 7767. Argued May 16, 1939.—Decided March 27, 1940.

*G. Cruzado Silva* for appellant. *Monserrat & Monserrat* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

José Rodríguez Pérez, a mortgagor, on November 6, 1930, three weeks before maturity of the mortgage, paid the amount due as principal, but did not pay the interest from April 1 to November 5. On December 13, 1930, he accepted a 60-day draft for $315, interest on the mortgage at 7 per cent from April 1 to November 5. On February 19, 1931, the mortgagee canceled the mortgage. In the instrument of can-

cellation he acknowledged payment of $7,500 as principal, and stated that no interest was pending collection. Later he brought the present action to collect the draft, and obtained a judgment.

Rodríguez says that the district court erred:

In rendering judgment for $315 with interest at the legal rate and costs notwithstanding the statement contained in the instrument of cancellation.

. In rendering judgment for plaintiff upon the basis of extrinsic evidence which contradicted and varied the terms of the instrument of cancellation.

The bill of exchange was identified, offered as evidence and admitted without objection.

The gist of defendant's testimony follows:

José Méndez (the mortgagee's agent and attorney-in-fact) had talked with witness about cancellation of the mortgage before maturity. The Spanish peseta was very low. He said that if witness would pay before maturity he would deduct the unpaid interest. Witness had replied that he was making efforts to raise the money as soon as possible. As soon as witness had the money he went with a check to B. Fernández. Méndez was not there, he was sick at the Auxilio Mutuo. He had given witness to understand that the inteerst was canceled because the mortgagee would gain much more by collecting the mortgage before maturity and cancelling the interest. That was why witness paid the $7500 twenty-one days before the mortgage was due. Witness accepted the draft because the employees in the office insisted and were calling him by phone. Witness told them that he had an agreement with Méndez. They told him to accept the draft so that they would not have to write him again until Méndez returned and the matter could be discussed later with Méndez. Afterwards witness talked with Méndez over the phone and the matter remained pending. The draft fell due February 13, 1931. The instrument of cancellation was executed February 19.

On cross-examination:

Witness had been engaged in business and in agriculture for twenty-nine years. When witness received the letter from B. Fernández & Hnos. on November 25, he telephoned them that he did not owe the money. That he had agreed to pay the capital so that ad-

vantage might be taken of the rate of exchange before a rise in the price of the Spanish peseta. It was after receipt of this letter that witness accepted the draft on December 13. Witness accepted the draft after receipt of the two letters. The draft was unconditional. Witnes did not pay the draft because of his agreement with Méndez.

On re-direct:

The draft fell due February 13, 1931. Instead of suing witness they executed the instrument of cancellation. This was in accordance with the agreement.

José Méndez, in rebuttal:

When he executed the instrument of cancellation February 19, 1931, Rodríguez owed the $315 interest. Witness had the draft, accepted by Rodríguez. It represented the amount of interest owed by Rodríguez. He had paid the interest with the draft. When witness canceled the mortgage, the interest had been canceled, the draft was pending.

Here counsel for defendant objected to any evidence tending to contradict the terms of the instrument of cancellation unless the circumstances specified in section 25 of the Law of Evidence were involved. The court overruled this objection on the ground that there was no question of modification. The instrument purported to be a cancellation including interest, but as the interest was covered by the draft there was but one cause of action. The only question before the court was as to the credibility of witnesses; as to whether there was an agreement or not.

Defendant took no exception to this ruling, but proceeded at once to cross-examine the witness.

On re-direct the witness said that he had never agreed to cancel the interest; that he had never been authorized by his principal to enter into such an agreement.

On further cross-examination he said that he had acknowledged payment because the 60-day draft had been accepted; that was a matter which witness had not taken into consideration. He had executed the instrument of cancellation because the draft had been signed. He also explained that Rodrí-

guez had not at first refused to pay the draft, but had repeatedly offered excuses and had finally refused to pay.

Rodríguez again took the stand and contradicted this part of the testimony in rebuttal.

The finding of the district judge was adverse to defendant. We find no manifest error in the weighing of the evidence. Defendant's explanation as to why he accepted the draft notwithstanding his alleged agreement with Méndez is far from satisfactory. The explanation offered by Méndez as to why he stated in the instrument of cancellation that no interest was pending collection is the only logical explanation of that statement, unless we are to believe defendant's testimony concerning an agreement that he was not to pay the interest due at the time of the cancellation. The district judge, however, did not believe that testimony, but instead accepted as true the Méndez' version of the transaction. We are unable to say that he should have rejected as false the testimony of Méndez and should have accepted as true the testimony of Rodríguez.

Méndez did not say in the instrument of cancellation that the interest had been paid in cash. Assuming, for the sake of argument, that the statement necessarily meant that the interest had been paid, it did not specify the manner in which it had been paid. If the statement was tantamount to an acknowledgment of payment, there is nothing in the parol evidence rule which excludes evidence to show how the payment had been made. To say that an accepted draft had been received in payment of the interest was not inconsistent with the statement that no interest was pending collection. There is nothing in the parol evidence rule which forbids a disclosure of the circumstances in which such a statement as that contained in the instrument of cancellation was made. Even if defendant had not waited until after the close of plaintiff's testimony in rebuttal, there would have been no error in the overruling of an objection to evidence tending to show that the mortgagee had received the accepted draft in

payment and substitution of the original obligation evidenced by the mortgage, and for this reason had stated in the instrument of cancellation that there was no interest pending collection.

This is not the case of a debtor who in an action on an original obligation pleads a novation of the contract. As already pointed out it is an action on an accepted draft.

Defendant set up as a special defense that he had "satisfied" not only the principal of the mortgage but also all of the interest due at the time of the cancellation and did not owe plaintiff anything either as principal or interest, and that the amount of the accepted bill was included and paid at the time of the cancellation of the mortgage. His testimony at the trial tended to show that the statement in the instrument of cancellation was not an acknowledgment of payment in cash, but arose rather out of an alleged agreement antedating the accepted draft to the effect that upon payment of the principal before the maturity date of the mortgage, the mortgagor would be relieved from the payment of interest accrued after April 1. Plaintiff was then permitted to show in rebuttal—without any timely objection on the part of defendant—that the statement in the instrument of cancellation did not arise out of any such agreement as that described by defendant in his testimony but rather out of the fact that the mortgagee had received the accepted draft in payment and substitution of the original obligation. This evidence did not vary, modify or contradict the statement contained in the instrument of cancellation. It merely exploded defendant's theory as to the meaning of that unfortunate combination of words, and offered instead a different theory which was adopted by the district judge as the more plausible of the two.

The judgment appealed from must be affirmed.